UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS

CONCEPTS ETI, INC. d/b/a )
CONCEPTS NREC, )
)
Plaintiff, )
)
v. )          Case No.: 04-11465 RGS
)
ANTHONY F. KAVANAUGH, JR. d/b/a )
DCA ENGINEERING, )
)
Defendants. )

### ~~AMENDED~~ PROPOSED ORDER

Plaintiff Concepts ETI, Inc. d/b/a Concepts NREC's Motion for Temporary Restraining Order and Preliminary Injunction having been heard on July 30, 2004, with notice to Defendant, the Court hereby finds as follows:

A.      Based on the Verified Complaint dated June 25, 2004, and the evidence presented at the hearing on this matter, it appears to the Court that Plaintiff has established a likelihood of success on the merits.

B.      Based on the Verified Complaint dated June 25, 2004, and the evidence presented at the hearing on this matter, it appears to the Court that Plaintiff has established that it will suffer irreparable injury if an injunction is not granted.

C.      Based on the Verified Complaint dated June 25, 2004, and the evidence presented at the hearing on this matter, it appears to the Court that Plaintiff has established that the threatened irreparable injury outweighs any harm to Defendant from granting the requested relief.

D.    Based on the Verified Complaint dated June 25, 2004, and the evidence presented at the hearing on this matter, it appears to the Court that Plaintiff has established that the public interest favors granting the requested relief.

WHEREFORE, based on the above findings, this Court GRANTS Plaintiff's request for a Temporary Restraining Order and Preliminary Injunction and ORDERS:

A.    That Defendant is hereby prohibited from divulging to any third party or from using in any way Plaintiff's Confidential Information, as defined in the "Confidentiality and Nondisclosure Agreement" entered into by the parties effective December 7, 2001, and attached to Plaintiff's Complaint as Exhibit A;

B.    That Defendant is hereby required to deliver to Concepts any and all documents and confidential and proprietary information of any nature pertaining to his work at Concepts;

C.    That Defendant is hereby prohibited from deleting, overwriting, or destroying any computer data currently in his possession, custody, or control (including, but not limited to, all electronic mail communications sent or received by Defendant to or from any of Concepts' current employees, to or from any of Concepts' former employees relating to Concepts' confidential and proprietary information, or to or from any of Concepts' clients), until Plaintiff has an opportunity to inspect and examine such computer data;

D.    That Defendant is hereby required to provide Concepts with immediate access to all computer data currently in his possession, custody, or control, including access to all electronic mail communications sent or received by Defendant to or from any of Concepts' current employees, to or from any of Concepts' former employees relating to Concepts' confidential and proprietary information, and to or from any of Concepts' clients; and

E.      That Defendant is hereby prohibited from instructing, requesting, implying, or in any way advising, advising any third-party to destroy relevant evidence, including deleting, overwriting, or destroying any relevant computer data currently in their possession, custody, or control until Plaintiff has an opportunity to inspect and examine such computer data.

**7-30-04**
Date

Richard G. Stearns
Presiding Judge

BTV.268942.3